UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANTONIO LINCK                                                              Index No.:

                Plaintiff,                                             **COMPLAINT**

                *-against-*                                           **PLAINTIFF DEMANDS
                                                                                          TRIAL BY JURY**

POLICE OFFICER MATTHEW HAUSWIRTH, *Shield No.:2912*

                Defendant,
------------------------------------------------------------------X

Plaintiff, ANTONIO LINCK, by his attorneys, Kenneth J. Montgomery, PLLC., complaining of the defendant, Police Officer MATTHEW HAUSWIRTH ("Defendant P.O. HAUSWIRTH") and upon information and belief alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, ANTONIO LINCK, seeks relief for the defendant's violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is of full age and resides in Kings County, New York.

6. Defendant P.O. HAUSWIRTH was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. HAUSWIRTH acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

7. On or about July 8, 2014 at approximately 9:10 P.M. at E. 46th Street and Farragut Road in Kings County, New York Plaintiff was operating a 2000 Lexus GS 400 sports car equipped with two (2) functioning break lights, one on both the right and left side of the vehicle.

8. As he pulled up to the intersection at E. 46th and Farragut Road, Plaintiff utilized the car's stereo system but only at a reasonable volume.

9. Behind Plaintiff was a police vehicle.

10. The officers in the police vehicle signaled for Plaintiff to pull over.

11. Three officers, including Defendant P.O. HAUSWIRTH emerged from the police vehicle.

12. The three officers shone their flashlights into Plaintiff's car. They saw that Plaintiff had a car seat for a young child attached to the back seat of the car.

13. Defendant P.O. HAUSWIRTH shone his flashlight into the backseat on the same side as the car seat.

14. Defendant P.O. HAUSWIRTH then reached through the open window and produced a sandwich-sized zip-lock bag that contained an unascertainable amount of a white substance.

15. Defendant P.O. HAUSWIRTH instructed Plaintiff to get out of the car.

16. Plaintiff complied and got out of the car.

17. Defendant P.O. HAUSWIRTH began to question Plaintiff as to the nature of the substance and insinuated that the bag contained cocaine.

18. Plaintiff said that he did not know what was in the bag but that he was sure it was not some sort of drug. He suggested that it was soap leftover from when his wife had used the car to do laundry a few days before or something that his young child might have left there.

19. Plaintiff has no history of drug arrests and does not use drugs and at no time during this sequence of events was Plaintiff in possession of any illegal substance.

20. Defendant P.O. HAUSWIRTH and his fellow officers took Plaintiff into custody.

21. Plaintiff was charged by Defendant P.O. HAUSWIRTH with criminal possession of a controlled substance in the Third, Fourth, Fifth and Seventh Degree in addition to operating a vehicle without a break light and making unreasonable noise.

22. At no time during the events described above was Plaintiff playing music at an unreasonable volume or operating a car without functioning taillights on each the right and left side.

23. In a sworn criminal complaint Defendant P.O. HAUSWIRTH claimed that the substance in the bag was cocaine and "that a field test confirmed that this substance is cocaine" - but the charges against Plaintiff were dismissed when the substance in question was determined not to be cocaine or any other controlled substance.

24. Plaintiff was detained for approximately twenty-four (24) hours, first at the 76th Precinct and then at Central Booking, before being released. He was then forced to return to criminal court on three (3) separate occasions before the charges against him were eventually dismissed.

25. Plaintiff was forced to expend seven thousand five hundred dollars ($7,500) to retain counsel and defend against the criminal charges.

26. During the events described above, Defendant P.O. HAUSWIRTH acted purposely, maliciously and with callous disregard for Plaintiff's rights when he falsely claimed to have conducted a field test that determined the substance in question to be cocaine as the basis for arresting and charging Plaintiff with criminal conduct.

27. During the events described above, Defendant P.O. HAUSWIRTH acted under color of State law, and deprived Plaintiff of his rights, privileges and immunities under the laws

and Constitution of the United States; in particular, the right to be free from false arrest and malicious prosecution.

28. As a direct and proximate cause of the acts of the Defendant P.O. HAUSWIRTH, Plaintiff suffered the following injuries and damages.

 A. False Arrest;

 B. Unwarranted and malicious criminal prosecution;

 C. Deprivation of liberty; and

 D. Denial of equal protection under the law.

## AS FOR A CAUSE OF ACTION

## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

30. At all times during the events described above Defendant P.O. HAUSWIRTH lacked probable cause to arrest Plaintiff.

31. At all times during the events described above Defendant P.O. HAUSWIRTH lacked probable cause to charge Plaintiff with criminal conduct.

32. All of the aforementioned acts of Defendant P.O. HAUSWIRTH were carried out under the color of state law.

33. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by Defendant P.O. HAUSWIRTH in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

35. The acts complained of deprived Plaintiff of his rights:

   A. To be free from false arrest;

   B. To be free from unwarranted and malicious criminal prosecution;

   C. To be free from deprivation of liberty without due process of law; and

   D. To receive equal protection under the law.

**WHEREFORE,** plaintiff demands judgment in the sum of one hundred thousand dollars ($100,000) in compensatory damages, two hundred and fifty thousand dollars ($250,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: 11/24/2015
   Brooklyn, NY

By: _____
Alexis G. Padilla, Esq. [AP8285]
Of Counsel to Kenneth J. Montgomery, PLLC.
Attorneys for Plaintiff
Antonio Linck
198A Rogers Avenue
Brooklyn, NY 11225